<s>
</s>

1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELISSA K. BROWN (CSBN 203307)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, Box 36055
5      San Francisco, California 94102-3495
       Telephone: (415) 436-6962
6      FAX: (415) 436-6748
       melissa.k.brown@usdoj.gov
7
   Attorneys for Defendant
8

9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12
   E.K. WADE,                        )   No. C-07-4402 CRB
13                                   )
         Plaintiff,                  )   MEMORANDUM OF POINTS AND
14                                   )   AUTHORITIES IN SUPPORT OF
      v.                             )   DEFENDANT'S MOTION TO DISMISS
15                                   )
   UNITED STATES OF AMERICA,         )   Date: November 30, 2007
16                                   )   Time: 10:00 am
         Defendant.                  )   Place: Courtroom 8, 19th Floor
17 _____ )          Hon. Charles R. Breyer

MEMORANDUM OF POINTS & AUTHORITIES ISO DEF. MOTION TO DISMISS
C-07-4402 CRB

## I. INTRODUCTION

By his complaint, Plaintiff E.K.Wade ("Plaintiff") alleges that the Defendant Mary M. Peters, Secretary U.S. Department of Transportation, Federal Aviation Administration ("FAA") discriminated against him when defendant failed to hire him for an EEO Specialist position located in Washington, D.C. Plaintiff claims that he suffered discrimination because of his race, age, and disability.[1] Plaintiff's complaint should be dismissed in its entirety.

Plaintiff has failed to allege facts to show that he has complied with the proper procedural prerequisites prior to filing suit in the district court. Specifically, with respect to his first and third causes of action, for discrimination based upon race and disability respectively, Plaintiff has failed to allege facts to show that he has exhausted administrative remedies prior to filing suit. Moreover, amendment is futile with respect to Plaintiff's those claims because they are time-barred. With respect to his second cause of action for age discrimination, Plaintiff has failed to allege facts to establish that he notified the EEOC thirty (30) days prior to filing suit as required by statute. The 30-day notice requirement is prerequisite to filing suit in district court. Because Plaintiff has failed to comply with any of the procedural prerequisites all of his claims should be dismissed for lack of subject matter jurisdiction.

In addition, all of Plaintiff's claims fail because he has failed to allege facts sufficient to state a claim upon which relief can be granted; therefore, his claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. RELIEF SOUGHT

Defendant FAA, moves this Court for an order dismissing this action with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III. ISSUES PRESENTED

1.  Whether Plaintiff's first and third cause of action, which allege discrimination in

---

[1] The Complaint is attached hereto as Exhibit A.

MEMORANDUM OF POINTS & AUTHORITIES ISO DEF. MOTION TO DISMISS
C-07-4402 CRB                                    2

hiring based upon race and disability should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies when he did not file a complaint with the Defendant FAA, and now his claims are time-barred.

2. Whether Plaintiff's second cause of action for discrimination based upon age should be dismissed because Plaintiff failed to allege facts showing that he provided the EEOC with 30 days notice prior to filing suit as required by statute. See 29 U.S.C. § 633a(d).

3. Whether Plaintiff's reliance on 42 U.S.C. § 794(a)(1), 42 U.S.C. § 1981(a)(2) and California Government Code §12940(a) is improper because Title VII, the ADEA and the Rehabilitation Acts provide the exclusive remedies for claims based upon race, age and disability respectively.[2]

4. Whether Plaintiff's allegations, which amount to nothing more than conclusory recitations of the law are insufficient to state a claim upon which relief can be granted.

The answer to all of these questions is Yes.

### IV. STATEMENT OF FACTS[3]

Plaintiff, an African-American male over the age of 40, alleges that he applied for an employment opportunity titled "Equal Opportunity Specialist" located in Washington, DC, (Job Announcement No. AWA-ACR-07-DM40770-90658) with a filing deadline of December 1, 2006. Complaint at ¶ 8. Plaintiff further alleges that on or about November 18, 2006, he submitted his resume, references, responses to "Knowledge, Skills, and Abilities," OF-612 Employment Application, OF-510, SF-50, FAA-3330-42, SF-15, and OMB 2105-0557 to the FAA. Id. at ¶¶ 9-10. Plaintiff also alleges that he had four years of experience as an "EEO Specialist" with the U.S. Department of Labor, Office of Federal Contract Compliance Office, in Oakland, California prior to applying for the Equal Opportunity Specialist position located in Washington DC. Id. at ¶ 10. On February 16, 2007, Plaintiff received a notice from the FAA,

---

[2] Unless otherwise noted, all references to Title VII are to 42 U.S.C. § 2000e et seq., all references to the ADEA are to 29 U.S.C. § 633a et seq., and all references to the Rehabilitation Act are to 29 U.S.C. § 791 et seq.

[3] Defendant only accepts these facts as true for purposes of the motion to dismiss.

MEMORANDUM OF POINTS & AUTHORITIES ISO DEF. MOTION TO DISMISS
C-07-4402 CRB                              3

stating, "Thank you for your interest in the position listed above with the Federal Aviation Administration (FAA). We have completed our assessment and referral process for the vacancy for which you applied with the following results: You were qualified for the position and placed on the selection list but were not selected." Id. at ¶ 12.

Based upon these allegations, Plaintiff asserts three causes of action for discrimination in hiring. Plaintiff's first claim asserts discrimination based upon race in violation of California Government Code § 12940(a). Complaint at ¶¶ 7-20. His second claim is for discrimination based upon age in violation of California Government Code § 12940(a) and the Age Discrimination in Employment Act of 1967 (ADEA). Complaint at ¶¶20-33.[4] And, his third claim is for discrimination based upon disability in violation of California Government Code § 12940(a), 29 U.S.C.§ 791, 29 U.S.C. § 794(a)(1), and 42 U.S.C. § 1981 (a)(2). Id. at ¶¶ 34- 47.

In an attempt to show that he exhausted his administrative remedies, Plaintiff alleges that he filed a complaint with the California Department of Fair Employment and Housing ("CDFEH") (Case No. E200607A 1059-00-apc) alleging discrimination based upon race, age, and disability. Id. at ¶¶ 13, 32, and 46. Plaintiff further alleges that he "elected to pursue this matter in court" and that he received a "Right-to-Sue Notice" on May 22, 2007. Id. at ¶¶ 13-14, 26-27, and 40-41.

Absent from his complaint, however, are *any* allegations showing that Plaintiff has complied with any of the prerequisites that would permit him to bring this action against the FAA in federal court. Notably, Plaintiff has failed to allege facts to show that he filed any complaint with the FAA alleging discrimination on any basis, let alone race, age, or disability, or that he filed a 30-day notice with the EEOC of his intent to sue on the basis of age discrimination. As discussed below, the absence of these allegations is fatal to Plaintiff's claims.

---

[4] In his complaint, Plaintiff has failed to state the statute upon which he basis his claim for age discrimination. Accordingly, Defendants respond under the presumption that Plaintiff seeks relief for his age discrimination claim based upon the ADEA based upon the vague allegations in paragraph 29. Defendants, however reserve the right to seek a more definite statement to clarify plaintiff's complaint should it withstand motion to dismiss.

MEMORANDUM OF POINTS & AUTHORITIES ISO DEF. MOTION TO DISMISS
C-07-4402 CRB                              4

V. ANALYSIS

A.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. See e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. Id. at 1039 n.2. Plaintiff has failed to allege facts to establish subject matter jurisdiction in this case.

A court should grant a Rule 12(b)(6) motion where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't. 901 F.2d 696, 699 (9th Cir. 1990). The Supreme Cout recently articulated a new "plausibility" standard under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v Twombly, 127 S.Ct. 1955, 1974 (2007). That standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The old Conley v. Gibson standard, that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt tat the plaintiff can prove "no set of fact" in support of his claim which would entitle him to relief is " best forgotten as an incomplete, negative gloss on an accepted pleading standard." Id. at 1968-69.

B.   **PLAINTIFF HAS FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION WITH RESPECT TO ALL OF HIS CAUSES OF ACTION; THEREFORE THE COMPLAINT SHOULD BE DISMISSED.**

1.   **Plaintiff's Claims for Race and Disability Discrimination Should Be Dismissed Because Plaintiff Has Failed To Exhaust His Administrative Remedies As Required By Statute.**

Plaintiff's first and third causes of action assert claims for discrimination in hiring based upon race and disability, respectively. Complaint at ¶¶ 7-18 and 34-45. These causes of action should be dismissed with prejudice. An applicant for federal employment who alleges discrimination on the basis of race or disability, must exhaust his administrative remedies before he can pursue a claim in district court. Lewis v. Runyon, 65 F.3d 175, 1995 WL 499440 at *1

1  (9th Cir. Aug. 22, 1995); Leong v. Potter, 347 F.3d 1117, 1121 (9th Cir. 2003) (a plaintiff must
2  exhuast Title VII administrative remedies when filing a claim for disability discrimination). In
3  the case of discrimination based upon race or disability a plaintiff must file a complaint with the
4  agency allegedly engaged in the discriminatory conduct within 45 days of the conduct or within
5  45-days of the date he should have become aware of the discrimination. 42 U.S.C. § 2000e-
6  2(a)(2).[5] This requirement is jurisdictional and where it is not met, a complaint must be
7  dismissed for lack of subject matter jurisdiction. Brown v. General Services Administration, 425
8  U.S. 820, 835 (1976) (finding failure to timely pursue administrative remedies bars the claim);
9  Girard v. Rubin, 62 F.3d 1244, 1246 (9th Cir. 1995); Boyd v. U.S. Postal Service, 752 F.2d 410,
10 414-15 (9th Cir. 1985); Leong, 347 F.3d at 1121-1122 (substantial compliance with the
11 exhaustion requirements is a jurisdictional prerequisite).

In an effort to satisfy the exhaustion requirement, Plaintiff alleges that after he was denied the EEOC Specialist position with the FAA that he filed a complaint with the CDFEH. Complaint at ¶26 & ¶ 40. Filing a complaint with the CDFEH is not sufficient to establish subject matter jurisidiction and save Plaintiff's claim. Here, Plaintiff must show that he filed a claim with the FAA, which would be the appropriate administrative agency. Plaintiff has not met this requirement because Plaintiff has never presented a discrimination complaint to the FAA; therefore his first and third causes of action fail. Sommantino v. United States, 255 F.3d 704, 708 (9th Cir. 2001) (stating, "In cases where a plaintiff has never presented a discrimination complaint to the appropriate administrative authority, we have held that the district court does not have subject matter jurisdiction.").[6]

Moreover, amendment with respect to the first and third causes of action is futile because Plaintiff's claims are now time-barred. The time period for filing a complaint begins to run when

---

[5] See also 29 C.F.R. §§ 1614.103(c) (timing provisions apply to applicants for federal employment) and 1614.105(a)(1) (sets forth the time requirements).

[6] Indeed, Plaintiff has failed to allege *any* facts to show that he complied with the jurisdictional requirements by filing a complaint with the FAA or any other federal agency within 45 days of the date that he received noitce of the agency's decision not to hire him.

MEMORANDUM OF POINTS & AUTHORITIES ISO DEF. MOTION TO DISMISS
C-07-4402 CRB                                     6

1  facts that would support the claim for discrimination are apparent to the plaintiff. Boyd, 752
2  F.2d at 414. Plaintiff received notice that he would not be hired by the FAA on February 16,
3  2007. Complaint at ¶ 12. Accordingly, the 45-day time limit for Plaintiff to file his claims with
4  defendant FAA has now passed; therefore his claims should be dismissed.
5       Moreover, the applicable time limits should not be equitably tolled in this case. Plaintiff
6  has alleged that he was an "EEO Specialist" for four years with the U.S. Department of Labor.
7  See e.g., Complaint at ¶ 10. Equitable tolling is appropriate where the plaintiff is "excusably
8  ignorant" of the procedural requirements. Leong, 347 F.3d at 1122; Forester v. Chertoff, Civ.
9  No. 05-16517, 2007 WL 2429374 at *8 (stating, equitable tolling is appropriate where there is
10 "excusable ignorance of the limitations period and a lack of prejudice to the defendant.").
11 Hageman v. Philips Roxane Labs., Inc., 623 F.2d 1381, 1382-1383 (9th Cir. 1980). As an EEO
12 Specialist, Plaintiff most certainly should have been aware of the proper procedures for filing his
13 grievance. Moreover, "equitable remedies are unavailable in federal court when the record
14 shows that no administrative filing was ever made." Sommantino, 255 F.3d at 710. Here, it is
15 clear from the face of the complaint that plaintiff has failed to file an administrative complaint
16 with the FAA.
17      Accordingly, the first and third claims should be dismissed with prejudice.

### 2. **Plaintiff's Claim For Age Discrimination Should Be Dismissed For Lack of Subject Matter Jurisdiction Due To His Failure To Notify the EEOC of His Intent to Sue As Required By Statute.**

Plaintiff's second cause of action for age discrimination under the ADEA also fails because this court lacks subject matter jurisdiction. Under the ADEA, an aggrieved party has the option of either pursuing the administrative process before going to court, or filing a civil action after giving the EEOC at least **30 days notice** of intent to sue. 29 U.S.C. § 633a(d)(allowing employee to file suit without pursuing administrative remedies, but must give the EEOC notice of intent to sue at least 30-days before filing the suit); see also Bankston v White, 345 F.3d 768, 770 (9th Cir. 2003)(a plaintiff must comply with the 30-day notice requirement). Failure to comply with administrative procedures divests the court of subject matter jurisdiction.

MEMORANDUM OF POINTS & AUTHORITIES ISO DEF. MOTION TO DISMISS
C-07-4402 CRB                                    7

1  Sommantino, 255 F.3d at 708.

2  Plaintiff has failed to allege that he filed any notice with the EEOC as required by statute. As noted above, Plaintiff only claims to have filed a complaint with the CDFEH. See e.g., Complaint at ¶¶ 26-27. Accordingly, Plaintiff's second cause of action for discrimination based upon age should also be dismissed for lack of subject matter jurisdiction.

   **C. PLAINTIFF'S CLAIMS FOR DISCRIMINATION BASED UPON RACE AND DISABILITY ARE BROUGHT PURSUANT TO THE WRONG STATUTES AND THEREFORE ARE IMPROPER AND SHOULD BE DISMISSED.**

Plaintiff's first and third causes of action should be dismissed for an additional reason; they are based upon improper statutes. Plaintiff has alleged claims for racial discrimination and disability discrimination based upon California Government Code § 12940(a) and 42 U.S.C. § 1981(a)(2) and 42 U.S.C.§ 794(a)(1) . See Complaint at ¶15 & ¶43. However, Title VII and the Rehabilitation Act provide the exclusive remedies for such claims. White v. General Services Admin., 652 F.2d 913, 916 (9th Cir. 1981) (holding Title VII exclusive remedy for claims of discrimination in federal employment); Leong, 347 F.3d at 1121-1122 (Rehabilitation Act is exclusive remedy for employment claim for disability discrimination); Scott v. Perry, 569 F.2d 1064, 1065 (9th Cir. 1978)(dismissing claim based upon 42 U.S.C. §1981, where based on alleged racial discrimination in federal hiring decision; relief limited to Title VII).[7]

Specifically, in his first cause of action, which is a claim for discrimination based upon race, Plaintiff cites California Government Code § 12940(a) as the basis for his claim. Complaint at ¶ 15 (quoting Cal. Gov. Code § 12940(a)).[8] Plaintiff does not assert any other statutory basis

---

[7] See generally, Brown, 425 U.S. at 835 (dismissing claims based upon other statutes finding Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment).

[8] The Complaint at ¶ 15 in relevant part states: "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or except where based upon applicable security regulations established by the United States or the State of California: (a) For an employer, because of race, ... to refuse to hire or employ the person..." citing Cal. Gov. Code § 12940(a).

MEMORANDUM OF POINTS & AUTHORITIES ISO DEF. MOTION TO DISMISS
C-07-4402 CRB                                    8

1  for his claim of discrimination based upon race. However, Plaintiff cannot bring a suit against the
2  defendant FAA for alleged racial discrimination in hiring, on the basis of a state statute;
3  accordingly, Plaintiff's claim for racial discrimination should be dismissed. See e.g., Brown, 425
4  U.S. at 835.

5  Similarly, Plaintiff's third cause of action, which alleges discrimination on the basis of
6  disability fails because it is also predicated on an alleged violation of California Government
7  Code § 12940(a), as well as , 42 U.S.C. § 794 (a)(1) and 42 U.S.C. § 1981(a)(2). Complaint at ¶
8  43. Like Title VII, the Rehabilitation Act, provides the exclusive remedy for claims based upon
9  disability discrimination in employment. Leong, 347 F.3d at 1121-1122. Therefore Plaintiff's
10 first and third causes of action should be dismissed because they are based upon improper
11 statutes.

   **D.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

14  Plaintiff's complaint fails for an additional reason; Plaintiff has failed to alleged facts
15  sufficient to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To state
16  any claim for discrimination in employment a plaintiff must allege facts showing the following
17  elements: "(1) that he blongs to a protected class; (2) he was qualified for the position; (3) he was
18  subject to an adverse employment action; and (4) similarly situated individuals outside his
19  protected class were treated more favorably." Leong, 347 F.3d at 1124. However, "conclusory
20  allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a
21  motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993);
22  See also Robertson v. Northwest Administrators, Inc., Civ. No. C98-01974 MMC, 1999 WL
23  183616 at *6 fn. 5 (N.D. Cal. March 26, 1999)(same citing Fernandez-Montes).
24  Here, Plaintiff has failed to allege any facts showing relief based upon the aforementioned
25  elements, but rather recites these elements in his complaint. See Complaint at ¶ 16-17, 30-31, &
26  44-45. For example, in his second cause of action Plaintiff alleges:

> Plaintiff: a) is highly qualified for the position; b) was not hired for an available GS-11 or 12 position; c) is a member of a protected class (i.e. African American); and d) was replaced with an employee that was younger than him. DOT-FAA

MEMORANDUM OF POINTS & AUTHORITIES ISO DEF. MOTION TO DISMISS
C-07-4402 CRB                                         9

1   failed to hire (select) Plaintiff based upon his age (over 40). All of these elements
2   have been met.

3  Complaint at ¶ 31; <u>see also Id</u>. at ¶¶ 17 & 45 .  These allegations are not sufficient to state a
4  claim.  To survive a motion to dismiss,  a complaint "requires more than labels and conclusions,
5  and a formulaic recitation of the elemetns of a cause of action will not do." <u>Twombly</u>, 127 S.Ct.
6  at 1965. Here, Plaintiff has failed to include any facts that show or even lead to an inference that
7  he was discriminated against on the basis of his race, age,or disability. Rather, his complaint is
8  based upon conclusory recitations of the elements of each cause of action.  Plaintiff must allege
9  facts that show that he is entitled to relief in order for his complaint to withstand a motion to
10 dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiff has failed
11 to allege such facts his entire complaint should be dismissed.

## VI. CONCLUSION

This Court should grant, Defendant FAA's motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies and for failure to state a claim.

DATED: October 26, 2007

Respectfully submitted,
SCOTT N. SCHOOLS
United States Attorney

/s
_____
MELISSA K. BROWN
Assistant United States Attorney

MEMORANDUM OF POINTS & AUTHORITIES ISO DEF. MOTION TO DISMISS
C-07-4402 CRB                                      10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

<u>E.K. Wade v. Mary M. Peters, Secretary FAA</u>
C 07-4402 CRB

to be served this date upon each of the persons indicated below at the address shown:

E.K. Wade
542 North Circle Drive, Apt. D
Walnut Creek, CA 94597

√     **BY FIRST CLASS MAIL** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____     **BY PERSONAL SERVICE (BY MESSENGER)**: I caused such envelope to be delivered by hand to the person or offices of each addressee above.

_____     **BY FACSIMILE (FAX)**: I caused each such document to be sent by facsimile to the person or offices of each addressee above.

_____     **BY E-MAIL**: I caused each such document to be sent by e-mail to the person or offices of each address above.

_____     **BY FEDERAL EXPRESS**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed October 26, 2007 at San Francisco, California.

_____/s/_____
KATHY TERRY
Legal Assistant