# EXHIBIT A

ORIGINAL FILED

AUG 27 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E. K. Wade (Pro se)
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

C 07 4402 WDB

E. K. Wade,

    Plaintiff,

vs.

Mary M. Peters, Secretary
U.S. Department of Transportation,
Federal Aviation Administration,

    Defendant.

Case No.:

**VERIFIED COMPLAINT FOR DAMAGES**

<u>Discrimination in Hiring (Race);
Discrimination in Hiring (Age); and
Discrimination in Hiring (Disability).</u>

Fair Employment and Housing Act: California Government Code §§ 12940(a) and 12965(b); Age Discrimination Employment Act of 1967 (ADEA) and Title I ADA 42 U.S.C. § 1981(a)(2)

**DEMAND FOR JURY TRIAL**

**Plaintiff alleges:**

## PRELIMINARY ALLEGATIONS

1. **Jurisdiction.** This court has jurisdiction over this complaint because it arises under the laws of the State of California.

E. K. Wade v. Mary M. Peters, Secretary of Transportation - 1

2. **Venue.** Venue is appropriate in this court because Defendant resides in this district and a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

3. **Intra-district Assignment.** This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Contra Costa County.

4. Plaintiff is an individual, African American, 59-year old, decorated disabled American veteran with a 70% rating pursuant to the Department of Veterans Affairs, and at all times herein mentioned was a resident of Walnut Creek, California.

5. Plaintiff is informed and believe and on that basis allege that the U.S. Department of Transportation, Federal Aviation Administration (hereinafter DOT-FAA), is a government entity doing business in California with its principal place of business located within the City of San Francisco, California, San Francisco County, State of California.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of this agency and employment.

## FIRST CAUSE OF ACTION
### (Discrimination in Hiring – Race)

7. Plaintiff herein hereby refers to paragraphs 1 through 6 and each of them and incorporates same herein as though fully realleged.

8. From on or about **November 17, 2006** to **December 1, 2006**, the DOT-FAA issued a notice of employment opportunity under Job Announcement Number AWA-ACR-07-DM40770-90658 entitled Equal Opportunity Specialist, with a filing deadline of December 1, 2006. The position was located in Washington, DC.

9. The DOT-FAA required applicants to submit a resume, references, responses to "Knowledge, Skills, and Abilities," OF-612 Employment Application, OF-510, SF-50, FAA-3330-42, SF-15, and OMB 2105-0557 to "Federal Aviation Administration Personnel Services Division, AHP-200 Room 523, 800 Independence Avenue, S.W., Washington, DC 20591."

10. On **November 18, 2006**, Plaintiff, a former 4-year-experienced, African American EEO Specialist (GS-11 Investigator) with the U.S. Department of Labor, Office of Federal Contract Compliance Office (OFCCP), in Oakland, California, applied for the aforementioned position and included his resume, references, responses to "Knowledge, Skills, and Abilities," OF-612 Employment Application, OF-510, SF-50, FAA-3330-42, SF-15, and OMB 2105-0557 to the above-mentioned address. Along with Plaintiff's recent work experience, he holds a Bachelors Degree in Business Administration – Accounting Option from California State University-Hayward, a Masters Degree in Public Administration from Golden Gate University in San Francisco, and a Paralegal Certificate (with honors) from Saint Mary's College in Moraga, California.

11. On or about **November 27, 2006**, Plaintiff received an acknowledgement from DOT-FAA that his application had been received.

12. On or about **February 16, 2007**, Plaintiff received a notice from DOT-FAA, which read, "Thank you for your interest in the position listed above with the Federal Aviation Administration (FAA). We have completed our assessment and referral process for the vacancy for which you applied with the following results: You

were qualified for the position and placed on the selection list but were not selected."

13. On **April 30, 2007**, Plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH) (Case No. E200607A1059-00-apc), alleging discrimination in hiring based upon race. On said date, Plaintiff elected to pursue this matter in court; and requested a Right-to-Sue Notice.

14. On **May 22, 2007**, the DFEH issued Plaintiff a Right-to-Sue Notice pursuant to ***California Government Code Section 12965(b)***.

15. "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (a) For an employer, because of *race*, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." ***California Government Code § 12940(a)***

16. Racial discrimination exists where employees of one race are favored in hiring, termination, promotion, or transfer by the employer over another. To sustain a case of race discrimination, Plaintiff must show that: a) he is a member of a protected class (i.e., African American); b) he was given fewer benefits than

another employee (White, Hispanic, Asian, etc.); and c) the other minority employee was performing a job substantially similar to his.

17. Plaintiff: a) belongs to a racial minority (i.e., African American); b) was not hired for an available GS-11 or 12 position, c) despite his qualifications and performance standards, was rejected on the pretext that he allegedly lacked the experience or educational standards necessary to sustain employment. DOT-FAA failed to hire (select) Plaintiff based upon his race (African American). ALL of these elements have been met.

18. At the above-mentioned place and time, Defendants, and each of them, discriminated against Plaintiff based upon his race by denying him the privilege to gainful employment, causing Plaintiff to suffer embarrassment, humiliation, and increased rage.

19. As a proximate result of Defendant's, and each of them, denial of gainful employment based upon his race, Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great mental pain and suffering.

## SECOND CAUSE OF ACTION
### (Discrimination in Hiring – Age)

20. Plaintiff herein hereby refers to paragraphs 1 through 6 and each of them and incorporates same herein as though fully realleged.

21. From on or about **November 17, 2006** to **December 1, 2006**, the DOT-FAA issued a notice of employment opportunity under Job Announcement Number AWA-ACR-07-DM40770-90658 entitled Equal Opportunity Specialist, with a filing deadline of December 1, 2006. The position was located in Washington, DC.

22. The DOT-FAA required applicants to submit a resume, references, responses to "Knowledge, Skills, and Abilities," OF-612 Employment Application, OF-510, SF-50, FAA-3330-42, SF-15, and OMB 2105-0557 "Federal Aviation Administration Personnel Services Division, AHP-200 Room 523, 800 Independence Avenue, S.W., Washington, DC 20591."

23. On **November 18, 2006**, Plaintiff, a former 4-year-experienced, African American EEO Specialist (GS-11 Investigator) with the U.S. Department of Labor, Office of Federal Contract Compliance Office (OFCCP), in Oakland, California, applied for the aforementioned position and included his resume, references, responses to "Knowledge, Skills, and Abilities," OF-612 Employment Application, OF-510, SF-50, FAA-3330-42, SF-15, and OMB 2105-0557 to the above-mentioned address. Along with Plaintiff's recent work experience, he holds a Bachelors Degree in Business Administration – Accounting Option from California State University-Hayward, a Masters Degree in Public Administration from Golden Gate University in San Francisco, and a Paralegal Certificate (with honors) from Saint Mary's College in Moraga, California.

24. On or about **November 27, 2006**, Plaintiff received an acknowledgement from DOT-FAA that his application had been received.

25. On or about **February 16, 2007**, Plaintiff received a notice from DOT-FAA, which read, "Thank you for your interest in the position listed above with the Federal Aviation Administration (FAA). We have completed our assessment and referral process for the vacancy for which you applied with the following results: You

were qualified for the position and placed on the selection list but were not selected."

26. On **April 30, 2007**, Plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH) (Case No. E200607A1059-00-apc), alleging discrimination in hiring based upon age. On said date, Plaintiff elected to pursue this matter in court; and requested a Right-to-Sue Notice.

27. On **May 22, 2007**, the DFEH issued Plaintiff a Right-to-Sue Notice pursuant to ***California Government Code Section 12965(b)***.

28. "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (a) For an employer, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, ***age***, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." ***California Government Code § 12940(a)***

29. The **Age Discrimination Act in Employment Act of 1967 (ADEA)** was enacted to promote the employment of individuals over 40 years of age.

30. To sustain a case of age discrimination, Plaintiff must show that: a) he is qualified for the position; b) he was not hired (selected); c) he is a member of a protected class; and d) the other hired employee (selected) was younger than Plaintiff.

31. Plaintiff: a) is highly qualified for the position; b) was not hired for an available GS-11 or 12 position; c) is a member of a protected class (i.e., African American); and d) was replaced with an employee that was younger than him. DOT-FAA failed to hire (select) Plaintiff based upon his age (over 40). ALL of these elements have been met.

32. At the above-mentioned place and time, Defendants, and each of them, discriminated against Plaintiff based upon his age by denying him the privilege to gainful employment, causing Plaintiff to suffer embarrassment, humiliation, and increased rage.

33. As a proximate result of Defendant's, and each of them, denial of gainful employment based upon his age, Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great mental pain and suffering.

### THIRD CAUSE OF ACTION
### (Discrimination in Hiring – Disability)

34. Plaintiff herein hereby refers to paragraphs 1 through 6 and each of them and incorporates same herein as though fully realleged.

35. From on or about **November 17, 2006** to **December 1, 2006**, the DOT-FAA issued a notice of employment opportunity under Job Announcement Number AWA-ACR-07-DM40770-90658 entitled Equal Opportunity Specialist, with a filing deadline of December 1, 2006. The position was located in Washington, DC.

36. The DOT-FAA required applicants to submit a resume, references, responses to "Knowledge, Skills, and Abilities," OF-612 Employment Application, OF-510, SF-50, FAA-3330-42, SF-15, and OMB 2105-0557 "Federal Aviation Administration Personnel Services Division, AHP-200 Room 523, 800 Independence Avenue, S.W., Washington, DC 20591."

37. On **November 18, 2006**, Plaintiff, a former 4-year-experienced, African American EEO Specialist (GS-11 Investigator) with the U.S. Department of Labor, Office of Federal Contract Compliance Office (OFCCP), in Oakland, California, applied for the aforementioned position and included his resume, references, responses to "Knowledge, Skills, and Abilities," OF-612 Employment Application, OF-510, SF-50, FAA-3330-42, SF-15, and OMB 2105-0557 to the above-mentioned address. Along with Plaintiff's recent work experience, he holds a Bachelors Degree in Business Administration – Accounting Option from California State University-Hayward, a Masters Degree in Public Administration from Golden Gate University in San Francisco, and a Paralegal Certificate (with honors) from Saint Mary's College in Moraga, California.

38. On or about **November 27, 2006**, Plaintiff received an acknowledgement from DOT-FAA that his application had been received.

39. On or about **February 16, 2007**, Plaintiff received a notice from DOT-FAA, which read, "Thank you for your interest in the position listed above with the Federal Aviation Administration (FAA). We have completed our assessment and referral process for the vacancy for which you applied with the following results: You

were qualified for the position and placed on the selection list but were not selected."

40. On **April 30, 2007**, Plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH) (Case No. E200607A1059-00-apc), alleging discrimination in hiring based upon disability. On said date, Plaintiff elected to pursue this matter in court; and requested a Right-to-Sue Notice.

41. On **May 22, 2007**, the DFEH issued Plaintiff a Right-to-Sue Notice pursuant to *California Government Code Section 12965(b)*.

42. "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (a) For an employer, because of race, religious creed, color, national origin, ancestry, physical disability, **mental disability**, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." *California Government Code § 12940(a)*

43. "In any action brought by a complaining party under the powers, remedies, and procedures set forth in section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. 2000e-5, 2000e-16] (as provided in section 107(a) of the Americans with Disabilities Act of 1990 (42 U.S.C. 12117(a)), and section 794(a)(1) of title 29,

respectively) against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) under section 791 of title 29 and the regulations implementing section 791 of title 29 concerning the provision of a reasonable accommodation, or section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12112), or committed a violation of section 102(b)(5) of the Act, against an individual, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent." **42 U.S.C. § 1981(a)(2)**

44. To sustain a case of disability discrimination, Plaintiff must show that: a) he has a physical or mental impairment that substantially limits one or more of the major life activities of such individual; b) he has a record of such an impairment; or c) has been regarded as having such an impairment.

45. Plaintiff: a) has a mental impairment (Post Traumatic Stress Disorder) from the Vietnam War, which substantially limits one or more of his major life activities (emotional numbness, severe depression, extreme anxiety, lack of trust in others, headaches, irritability, and outbursts of anger), b) has a record of such impairment issued from the Department of Veterans Affairs at 70%; and c) has been regarded as having such an impairment by the Department of Veterans Affairs. DOT-FAA failed to hire (select) Plaintiff based upon his disability (PTSD). ALL of these elements have been met.

46. At the above-mentioned place and time, Defendants, and each of them, discriminated against Plaintiff based upon his disability by denying him the privilege to gainful employment, causing Plaintiff to suffer embarrassment, humiliation, and increased rage.

47. As a proximate result of Defendant's, and each of them, denial of gainful employment based upon his disability, Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great mental pain and suffering.

## FIRST CAUSE OF ACTION
### (Discrimination in Hiring – Race)

**WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:**

1. For general damages according to proof;

2. For pain and suffering according to proof;

3. A declaratory judgment that Defendants have violated Mr. Wade's right to be free from discrimination in the workplace pursuant to the Fair Employment and Housing Act;

4. An injunction ordering Defendant Mary M. Peters to make Plaintiff whole with full compensatory back pay and benefits to include proper adjustments for costs of living and advancements.

5. An injunction ordering Defendant Mary M. Peters to make Plaintiff whole with full compensatory forward pay to include proper adjustments for costs of living and advancements; and

6. An award to Mr. Wade for compensatory damages @ 19 times compensatory damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of quality of life; and consequential losses;

7. An award to Mr. Wade for exemplary and/or punitive damages in an amount to be shown at trial;

8. An award to Mr. Wade of interest on any awards at the highest rate allowed by law;

9. For costs of suit herein incurred;

10. For such other and further relief as the court may deem proper.

### SECOND CAUSE OF ACTION
(Discrimination in Hiring – Age)

**WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:**

1. For general damages according to proof;

2. For pain and suffering according to proof;

3. A declaratory judgment that Defendants have violated Mr. Wade's right to be free from discrimination in the workplace pursuant to the Fair Employment and Housing Act and Age Discrimination Employment Act of 1967;

4. An injunction ordering Defendant Mary M. Peters to make Plaintiff whole with full compensatory back pay and benefits to include proper adjustments for costs of living and advancements.

5. An injunction ordering Defendant Mary M. Peters to make Plaintiff whole with full compensatory forward pay to include proper adjustments for costs of living and advancements; and

6. An award to Mr. Wade for compensatory damages @ 19 times compensatory damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of quality of life; and consequential losses;

7. An award to Mr. Wade for exemplary and/or punitive damages in an amount to be shown at trial;

8. An award to Mr. Wade of interest on any awards at the highest rate allowed by law;

9. For costs of suit herein incurred;

10. For such other and further relief as the court may deem proper.

### THIRD CAUSE OF ACTION
(Discrimination in Hiring – Disability)

**WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:**

1. For general damages according to proof;

2. For pain and suffering according to proof;

3. A declaratory judgment that Defendants have violated Mr. Wade's right to be free from discrimination in the workplace pursuant to the Fair Employment and Housing Act and Title I ADA 42 U.S.C. § 1981(a)(2);

4. An injunction ordering Defendant Mary M. Peters to make Plaintiff whole with full compensatory back pay and benefits to include proper adjustments for costs of living and advancements.

5. An injunction ordering Defendant Mary M. Peters to make Plaintiff whole with full compensatory forward pay to include proper adjustments for costs of living and advancements; and

6. An award to Mr. Wade for compensatory damages @ 19 times compensatory damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of quality of life; and consequential losses;

7. An award to Mr. Wade for exemplary and/or punitive damages in an amount to be shown at trial;

8. An award to Mr. Wade of interest on any awards at the highest rate allowed by law;

9. For costs of suit herein incurred;

10. For such other and further relief as the court may deem proper.

Dated this 27th day of August, 2007

By: *E. K. Wade* (signature)
E. K. Wade (Pro se)
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

## VERIFICATION

I, <u>E. K. Wade</u>, am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters, which are therein alleged on information and belief, and as those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 27th day of August, 2007

By: _____EKWade_____
E. K. Wade (Pro se)
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com