SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (CSBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-6748
    melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. C-07-4402 CRB<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Date: November 30, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Floor<br>    Hon. Charles R. Breyer |

## I. INTRODUCTION

Plaintiff E.K. Wade ("Plaintiff") concedes that this Court lacks subject matter jurisdiction over his claims and asks this Court to dismiss his action. Motion to Dismiss ("PMTD") at 1. The Defendant Mary M. Peters, Secretary U.S. Department of Transportation, Federal Aviation Administration ("FAA") does not oppose Plaintiff's request. Further, the FAA seeks an order by this court granting its Motion to Dismiss in its entirety and dismissing Plaintiff's claims with prejudice.

## II. STATEMENT OF FACTS

As discussed in detail in the FAA's moving papers, by his Complaint, Plaintiff alleges that the FAA discriminated against him when he was not hired for an EEO Specialist position located in Washington, D.C. Plaintiff claims that he suffered discrimination because of his race,

age, and disability.

On October 26, 2007, the FAA moved to dismiss Plaintiff's complaint on several grounds. First, the FAA argued that this Court lacks subject matter jurisdiction over Plaintiff's claims because he failed to exhaust his administrative remedies, and therefore the complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff now concedes this argument. Second, the FAA asked the Court to dismiss Plaintiff's claims for race and disability discrimination because they were based upon improper statutes. Finally, the FAA asked this court to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because of Plaintiff's failure to state facts sufficient to state a claim upon which relief could be granted.

On November 9, 2007, Plaintiff filed a Motion to Dismiss asking this Court to dismiss his case due to lack of subject matter jurisdiction. Defendant FAA does not oppose that motion. Plaintiff did not file an opposition to the FAA's motion to dismiss.

### III. ANALYSIS

#### A. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. See, e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. Id. at 1039 n.2.

A court should grant a Rule 12(b)(6) motion where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't. 901 F.2d 696, 699 (9th Cir. 1990). In other words, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v Twombly, 127 S.Ct. 1955, 1974 (2007). That standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965.

Plaintiff's complaint fails to meet either standard, and therefore should be dismissed.

B. **PLAINTIFF HAS FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION WITH RESPECT TO ALL OF HIS CAUSES OF ACTION; THEREFORE, THE COMPLAINT SHOULD BE DISMISSED.**

**1. Plaintiff Concedes That He Has Not Established Subject Matter Jurisdiction And Requests That His Case Be Dismissed**.

Plaintiff concedes that he has failed to allege facts to establish subject matter jurisdiction in this case. PMTD at 1. Accordingly, Plaintiff asks this Court to dismiss his entire complaint. Id. Defendant FAA does not oppose Plaintiff's request. Accordingly, Plaintiff's complaint should be dismissed in its entirety.

**2. Plaintiff's Claims for Race and Disability Discrimination Should Be Dismissed Because Plaintiff Has Failed To Exhaust His Administrative Remedies As Required By Statute.**

It is clear on the face of the complaint that Plaintiff cannot establish subject matter jurisdiction in this Court. Specifically, with respect to his first and third causes of action, for discrimination based upon race and disability respectively, Plaintiff has failed to allege facts to show that he has exhausted administrative remedies prior to filing suit.

As an applicant for federal employment who alleges discrimination on the basis of race or disability, Plaintiff must exhaust his administrative remedies before he can pursue a claim in district court. Lewis v. Runyon, 65 F.3d 175, 1995 WL 499440 at *1 (9th Cir. Aug. 22, 1995); Leong v. Potter, 347 F.3d 1117, 1121 (9th Cir. 2003) (a plaintiff must exhaust Title VII administrative remedies when filing a claim for disability discrimination). In the case of race or disability discrimination a plaintiff must file a complaint with the agency allegedly engaged in the discriminatory conduct within 45 days of the conduct or within 45-days of the date he should have become aware of the discrimination. See, e.g., 42 U.S.C. § 2000e-2(a)(2). This requirement is jurisdictional and where it is not met, a complaint must be dismissed for lack of subject matter jurisdiction. See, e.g., Boyd v. U.S. Postal Service, 752 F.2d 410, 414-15 (9th Cir. 1985); Leong, 347 F.3d at 1121-1122 (substantial compliance with the exhaustion requirements is a jurisdictional prerequisite).

Plaintiff concedes that his allegation that he had been issued a Right-to-Sue notice by the California Department of Fair Employment and Housing fails to satisfy the federal exhaustion

DEFS REPLY BRIEF ISO MOTION TO DISMISS
C-07-4402 CRB                            3

requirements. PMTD at 1.

Moreover, Plaintiff does not dispute the argument that amendment would be futile with respect to his race and disability claims because they are time-barred. The time for Plaintiff to file a complaint with the FAA began to run on February 16, 2007, when according to the Complaint, Plaintiff was notified by the FAA that he had not been hired for the EEO Specialist Position. More than forty-five (45) days have passed since February 16, 2007 and Plaintiff has not filed a claim with the FAA.

Further, as noted in the FAA's opening papers, this is not a case where the applicable time limits should be equitably tolled. Plaintiff alleges that he was an EEO Specialist for four years. Complaint at ¶ 10. Because Plaintiff alleges that he was an EEO Specialist he should have been aware of the procedural requirements for filing a complaint against a federal agency. Under the circumstances, Plaintiff's neglect is not excusable. Hageman v. Philips Roxane Labs., Inc., 623 F.2d 1381, 1382-1383 (9th Cir. 1980). Accordingly, Plaintiff's claims are time-barred and should be dismissed with prejudice.

### 3. Plaintiff's Claim For Age Discrimination Should Be Dismissed For Lack of Subject Matter Jurisdiction Due To His Failure To Notify the EEOC of His Intent to Sue As Required By Statute.

With respect to his second cause of action for age discrimination, Plaintiff has failed to allege facts to establish that he notified the EEOC thirty (30) days prior to filing suit as required by statute. 29 U.S.C. § 633a(d). The 30-day notice requirement is prerequisite to filing suit in district court. Bankston v White, 345 F.3d 768, 770 (9th Cir. 2003)(a plaintiff must comply with the 30-day notice requirement). Failure to comply with administrative procedures divests the court of subject matter jurisdiction. Sommantino v. United States, 255 F.3d 704, 708 (9th Cir. 2001). Again, Plaintiff did not oppose the FAA's motion, and concedes that his complaint should be dismissed for lack of subject matter jurisdiction.

Because Plaintiff has failed to comply with any of the procedural prerequisites all of his claims should be dismissed for lack of subject matter jurisdiction.

//
//

### C. PLAINTIFF'S CLAIMS FOR DISCRIMINATION BASED UPON RACE AND DISABILITY ARE BROUGHT PURSUANT TO THE WRONG STATUTES AND THEREFORE ARE IMPROPER AND SHOULD BE DISMISSED.

As shown by the FAA's moving papers, Plaintiff's first and third causes of action should be dismissed because they are based upon improper statutes. Plaintiff has alleged claims for racial discrimination and disability discrimination based upon California Government Code § 12940(a) and 42 U.S.C. § 1981(a)(2) and 42 U.S.C.§ 794(a)(1). See Complaint at ¶15 & ¶43. However, Title VII and the Rehabilitation Act provide the exclusive remedies for such claims. White v. General Services Admin., 652 F.2d 913, 916 (9th Cir. 1981) (holding Title VII exclusive remedy for claims of discrimination in federal employment); Leong, 347 F.3d at 1121-1122 (Rehabilitation Act is exclusive remedy for employment claim for disability discrimination); Scott v. Perry, 569 F.2d 1064, 1065 (9th Cir. 1978)(dismissing claim based upon 42 U.S.C. §1981, where based on alleged racial discrimination in federal hiring decision; relief limited to Title VII). Plaintiff raises no opposition to this argument; accordingly his claims should be dismissed.

### D. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In addition, all of Plaintiff's claims fail because he has failed to allege facts sufficient to state a claim upon which relief can be granted; therefore, his claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). To state any claim for employment discrimination a plaintiff must allege facts showing the following elements: "(1) that he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." Leong, 347 F.3d at 1124. Here, Plaintiff's complaint consists exclusively of conclusory recitations of the law. Plaintiff fails to allege any facts to show that he is entitled to relief based upon the aforementioned elements. See Complaint at ¶ 16-17, 30-31, & 44-45. Because Plaintiff has failed to allege such facts his entire complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Twombly, 127 S.Ct. at 1965.

## IV. CONCLUSION

Both the Plaintiff and the defendant FAA agree that Plaintiff's complaint should be dismissed in its entirety. Moreover, the Defendant FAA has shown by its Memorandum of Points & Authorities submitted in support of its Motion to Dismiss and this Reply brief that Plaintiff's complaint should be dismissed with prejudice. Plaintiff has failed to exhaust his administrative remedies and is now time-barred from doing so. Accordingly, the FAA's motion to dismiss Plaintiff's complaint with prejudice should be granted.

DATED: NOVEMBER 16, 2007  Respectfully submitted,
SCOTT N. SCHOOLS
United States Attorney

/S/

_____
MELISSA K. BROWN
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

E.K. Wade v. USA
C 07-4402 CRB

to be served this date upon each of the persons indicated below at the address shown:

E.K. Wade
542 North Circle Drive, Apt. D
Walnut Creek, CA 94597

√   **BY FIRST CLASS MAIL** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   **BY PERSONAL SERVICE (BY MESSENGER)**: I caused such envelope to be delivered by hand to the person or offices of each addressee above.

____   **BY FACSIMILE (FAX)**: I caused each such document to be sent by facsimile to the person or offices of each addressee above.

____   **BY E-MAIL**: I caused each such document to be sent by e-mail to the person or offices of each address above.

____   **BY FEDERAL EXPRESS**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed November 16, 2007 at San Francisco, California.

/s/
KATHY TERRY
Legal Assistant